# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:

**Richard R. Morin**                                    **Chapter 13**
SSN:xxx-xx-5863                                          **Case#:16-11288-MSH**
**Donna M. Morin**
SSN:xxx-xx-5519
                              **Debtors**

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Third Amended Chapter 13 Plan (the "Plan") on February 22, 2017. The Debtor(s) filed a Certificate of Service on February 22, 2017, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1.    The Plan is confirmed. The term of the Plan is 60 months.

2.    The Debtor(s) shall pay to the Chapter 13 Trustee the sum of $798.00* per month commencing June 1, 2016 which payments shall continue through the completion of the Plan and shall be made on the 1st day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: Carolyn A. Bankowski, Chapter 13 Trustee, P.O. Box 1131, Memphis, TN 38101-1131.

3.    The effective date of confirmation of the Plan is June 1, 2016. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the debtor(s) only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court. The debtor shall be responsible for preserving and protecting property of the estate.

* As of February 28, 2017 the Debtor shall pay the Trustee the amount of $4,183.00. On March 1, 2017 and on the 1st day of each month, thereafter, the Debtor shall pay to the Chapter 13 Trustee the sum of $798.00 for the remaining 51 months of the Plan.

Dated:   5/3/2017                                    _____
                                                     United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

In re:

| | |
|---|---|
| **Richard R. Morin** | **Chapter 13** |
| **SSN:xxx-xx-5863** | **Case#:16-11288-MSH** |
| **Donna M. Morin** | |
| **SSN:xxx-xx-5519** | |
| **Debtors** | |

### SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN
1.   **Modified Secured Claims**

The secured claim of Ally Financial is modified as follows:  Ally Financial is retaining its lien on the 2009 Chevrolet LT Pickup. The secured claim in the sum of $22,253.44 which includes interest at the contracted rate of 5.5% will be paid over 60 months in the sum of $371.30 per month. Within 90 days of the Debtors' discharge, Ally Financial shall release its lien and deliver title to the Debtors.

The Debtor is surrendering the collateral that secures the claim of Time Payment Corporation in full satisfaction of the secured claim.  Time Payment Corporation shall be allowed an unsecured claim for the deficiency balance owed.

2.   **Unmodified Secured Claims**

Embrace Home Loans is retaining its on 17 Hancock Street, Salem, MA.  The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Embrace Home Loans. Embrace Home Loans will be paid its pre-petition arrearage in the sum of $7,035.20 over 60 months in the sum of $117.25 per month.

The City of Salem is retaining its on 17 Hancock Street, Salem, MA for the municipal water lien.  The City of Salem will be paid its secured claim in the sum of $1,539.00 over 60 months in the sum of $25.65 per month.

3.   **Administrative Claims**

| | | |
|---|---|---|
| Colin Creager, Esq.  $2,500.00 | Legal Fees | 12 Months |

4.   **Priority Claims**

| | | | |
|---|---|---|---|
| IRS | $1,690.01 | Federal Taxes | 60 Months |
| MDOR | $1,702.95 | State Taxes | 60 Months |

5.   **Unsecured Claims**

The holders of unsecured claims totaling $36,328.48 shall receive a dividend of no less than 10%.

6.   **Other Pertinent Provisions**

Creditor must file a timely proof of claim to receive payment under the plan.  Any creditor that fails to file a claim shall not receive any payments.